## L. W. BOOTH v. STATE.

No. A-2403.    Opinion Filed May 19, 1917.

Rehearing Denied August 8, 1917.

(166 Pac. 751.)

APPEAL AND ERROR—Conviction—Evidence—Reversal.    When an accomplice testifies in the trial of a criminal case to facts which establish the guilt of the defendant, and when other testimony in the record clearly connects the defendant with the commission of the crime, and no proof is offered in defense tending to explain the incriminating facts, and a judgment of conviction results in the trial court, it will not be disturbed on appeal.

*Error from District Court, Beaver County;*
*W. C. Crow, Judge.*

L. W. Booth was convicted of larceny, and he brings error. Affirmed.

*W. G. Hughes* and *J. W. Culwell,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    The plaintiff in error, L. W. Booth, was convicted at the September, 1914, term of the district court of Beaver county on a charge of larceny and his punishment fixed at imprisonment in the state penitentiary for one year.

The information charges the plaintiff in error with the larceny of a roan cow, the property of John Brodie, on the 5th day of August, 1913.

Prosecuting witness Brodie testified that he lived in Beaver county, Okla.; that he owned a roan milk cow about four years old; that she was in a pasture adjoining his place; that early on the morning of the 6th of August he heard the cow lowing; that when he went out to see if there was any trouble he could not find her; that he tracked her some distance away; that he recovered the hide of the cow through the sheriff's office.

A number of witnesses testified to seeing the cow driven through the country by Jack Symons and Ed Johnson.

Jack Symons testified that he was an accomplice in the stealing of the cow in question; that he was about 35 years old, and knew the defendant, his brother, and the codefendant, Johnson; that he went into Beaver county to see Johnson about stealing these cattle; that they were in the cattle-stealing business; that they were "rustling" cattle for Booth, who was a butcher and cattle buyer; that they had talked over the matter of stealing the cattle several times during the preceding few weeks, and had agreed with defendant Booth that they would bring the cattle to his place and that he would butcher them, sell them, and go "halvers" on the profits; that the hide would be sold and beer bought for the crowd; that they stole the Brodie cow and another black cow from a nearby neighbor, and drove them, during the night, towards the place of the defendant Booth, who lived a few miles over the Texas side of the line; that they put them in the pasture, which pasture ran up towards the house; that they were met and

13 O C R—22

assisted by the defendant's brother, Jack Booth; that the Booths all lived together at the same place; that they passed a number of people on the road, whose names the witness gave, and who testified in the case as having seen the cattle driven along the road, as this witness detailed. He testified further that he saw the hide in Guymon after the sheriff had seized the same, and identified it as the hide of the cow that was stolen. He testified that the defendant Booth knew this cow was to be stolen from Brodie and the black cow from a neighbor named Anderson; that he got $5 as his share of the profits in the transaction; that after they delivered the two cows to the defendant, he told them to come back on the Friday following and they would divide the proceeds. Witness further testified that he was serving a term in the penitentiary for his participation in the crime; that he had received no promise of immunity or leniency in connection with the matter.

Earl Murphy testified that he was a cousin of defendant and was working for him at the time the cow in question was stolen; that he assisted the defendant in butchering the cow in question and detailed the circumstances.

Witness Green testified that he was a hide buyer and lived at Guymon, Okla., and that he knows the defendant and all the parties involved in the prosecution; that he bought the hide of the cow in question from the defendant L. W. Booth; that the sheriff came and paid him for the hide and took it to be used in evidence.

The hide was introduced at the trial and properly identified. No testimony was introduced on behalf of plaintiff in error.

The only contention discussed at length is the proposition that the testimony of Symons was not properly cor-

roborated. With this contention we cannot agree. The cow in question was, without doubt, stolen from the witness Brodie in Beaver county, Okla., on the night of August 5th, or early on the morning of the 6th. There can be no question but that the cow was driven straight to the defendant Booth, delivered to him, and by him butchered and sold. There is ample corroboration of all of these facts, and, in the absence of any explanation of any kind, these facts, together with the numerous other circumstances disclosed by the record, amply corroborate the testimony of the accomplice Symons.

There is not a shadow of a doubt about the guilt of the plaintiff in error, and there is no legal ground upon which the judgment of the trial court should be reversed.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.